UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS CRUZ,<br><br>              Plaintiff,<br><br>     v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>              Defendant. | Case No.   1:26-cv-03920-HBK (PC)<br><br>ORDER VACATING MARCH 25, 2026 ORDER<br><br>(Doc. 3)<br><br>ORDER CONSTRUING COMPLAINT AS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 AND AS MOTION TO AMEND PETITION IN CASE NO. 1:26-cv-03919-EGC<br><br>ORDER DIRECTING CLERK OF COURT TO DOCKET PETITION AS MOTION TO AMEND IN CASE NO. 1:26-cv-03919-EGC AND TO CLOSE THIS CASE |

Plaintiff Jose Luis Cruz, a state prisoner, initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1, "Complaint").  On May 25, 2026, the Court directed Plaintiff to either submit an application to proceed *in forma pauperis* or pay the $405.00 filing fee.  (Doc. 3).

Upon review, the Complaint appears to assert breach of a plea agreement resulting in an error in Plaintiff's state sentencing, and Plaintiff seeks, *inter alia*, recalculation of his sentence and release from state custody.  (Doc. 1).  Thus, although not submitted on the standard § 2254 form, the Complaint challenges the duration of Petitioner's current incarceration.  *See Badea v.*

*Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (explaining that the purpose of habeas is to challenge the legality or duration of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  In contrast, constitutional challenges to the conditions of confinement are properly pursued in a civil rights action brought under 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 499. Accordingly, the Court construes the Complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("To the extent that a [prisoner] challenges the fact or duration of his confinement, the district court should have construed [his] complaint as a petition for habeas corpus.").

The Court takes judicial notice of its own records, which show that Plaintiff previously filed a federal petition for writ of habeas corpus in this Court challenging the same conviction and sentence at case number 1:26-cv-03919-EGC.  In *Woods v. Carey*, the Ninth Circuit held that, under certain circumstances, when a pro se petitioner files a habeas petition while a previous petition is still pending, the court should construe the second petition as a motion to amend the previous petition.  525 F.3d 886, 889-90 (9th Cir. 2008).  Thus, *Woods* requires a court to construe a second or successive petition filed while an earlier petition remains pending as a motion to amend the earlier petition.

Because Plaintiff has a pending federal habeas petition in case number 1:26-cv-03919-EGC, challenging the same sentence at issue here, the Court construes the petition in this case as a motion to amend the petition in case number 1:26-cv-03919-EGC.  *See Woods,* 525 F.3d at 889-90.

////

Accordingly, it is **ORDERED**:

1.  The Court's May 25, 2026 Order (Doc. 3) is VACATED.

2.  The Complaint (Doc. 1) is CONSTRUED as a petition for habeas corpus under 28 U.S.C. § 2254 and, in turn, as a motion to amend the petition in case number 1:26-cv-03919-EGC.

3.  The Clerk of Court is DIRECTED to docket the petition in this case as a motion to amend in case number 1:26-cv-03919-EGC.

4. The Clerk of Court is DIRECTED to close this case.


Dated:   May 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE